IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEROME HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 94-336-KAJ |
| | ) | |
| FAITH LEAVY, PAMELA FAULKNER, | ) | |
| WILLIAM QUEENER, FRANCES | ) | |
| LEWIS, GEORGE M. DIXON, JACK W. | ) | |
| STEPHENSON, DEBORAH L. GRAIG, | ) | |
| JOANNE SMITH, DENNIS LOEBE, | ) | |
| ELDORA C. TILLERY, FRANCIS | ) | |
| COCKROFT, JERRY BORGA, | ) | |
| RICHARD SHOCKLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

---

John W. Shaw, Esquire, Young Conaway Stargatt & Taylor LLP, 1000 West Street, Wilmington, Delaware 19801; Counsel for Plaintiff.

Richard W. Hubbard, Esquire, Deputy Attorney General, Department of Justice, 820 N. French Street, Wilmington, Delaware 19801; Counsel for Defendant Richard Shockley.

Mark Niedzielski, Esquire; Thomas H. Ellis, Esquire; Ralph K. Durstein, III, Esquire; and Aaron R. Goldstein, Esquire, Deputy Attorney General, Department of Justice, 820 N. French Street, Wilmington, Delaware 19801; Counsel for Defendants.

---

March 1, 2005
Wilmington, Delaware



JORDAN, District Judge

## I. INTRODUCTION

Presently before me are several motions, including a Motion to Dismiss State Law Claim (Docket Item ["D.I."] 338; the "Motion") filed by defendants Leavy, *et. al.* ("Defendants"), a Motion to Dismiss (D.I. 383) filed by defendant Richard Shockley, a Motion to Bar Public Duty Defense at Trial (D.I. 346) filed by plaintiff Hamilton ("Plaintiff"), a Motion for Entry of Default as to Richard Shockley (D.I. 375) filed by Plaintiff, and a Motion for Scheduling and Status Conference Regarding Defendant Richard Shockley (D.I. 379) filed by Plaintiff.  For the following reasons, I will grant Defendants' Motion to Dismiss State Law Claim (D.I. 338) and deny as moot the other motions.[1]

---

[1] I will deny Shockley's Motion to Dismiss (D.I. 383) as moot because I have previously granted Shockley's Motion for Summary Judgment.  (D.I. 409, Memorandum Opinion, Feb. 23, 2005.)  I will also deny Plaintiff's Motion for Scheduling and Status Conference Regarding Defendant Richard Shockley (D.I. 379) as moot for the same reason.  I will deny Plaintiff's Motion for Entry of Default as to Richard Shockley (D.I. 375) as moot because I addressed this issue in my June 1, 2004 Order (D.I. 380) granting Shockley's request for an extension of time to answer or otherwise respond to Plaintiff's complaint, and because Shockley did so respond within the extended time period, and because I have granted Shockley's summary judgment motion.  I will deny Plaintiff's Motion to Bar Public Duty Defense at Trial (D.I. 346) as moot because it relates entirely to the state law claim that I am dismissing for the reasons stated in this Memorandum Opinion.

## II.    BACKGROUND[2]

The factual background and procedural history of this case has been previously set forth in several published and unpublished opinions.[3]  For purposes of this Motion, the relevant background information is as follows.  On June 23, 1999, Plaintiff filed a second Amended Complaint (D.I. 164) against Defendants in which he alleged a federal cause of action under 42 U.S.C. § 1983 because, he said, the Defendants were "violating plaintiff's clearly established constitutional rights to be free from cruel and unusual punishment" (D.I. 164 at ¶ 22) and a Delaware state cause of action under 11 *Del. C.* §§ 6527, 6529, 6530, and 6531 for "failing to appropriately place plaintiff in protective custody and thereby causing plaintiff serious physical and emotional injury" (*id.* at ¶ 16).  It is the state law claim that is the subject of Defendants' Motion (D.I. 338).  Although originally drafted to address the issue of supplemental jurisdiction, Defendants have since requested that I treat their Motion as one under Fed. R. Civ. P. 12(b)(6) (D.I. 363, Letter from defense counsel, Apr. 27, 2004) and I have chosen to do so.

## III.  STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) requires a court to accept as true all material allegations of the complaint.  *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (internal citation omitted).  "A complaint should be

---

[2] The following rendition of background information does not constitute findings of fact and is cast in the light most favorable to the non-moving party.

[3] *See Hamilton v. Leavy*, 322 F.3d 776 (3d Cir. 2003); *Hamilton v. Leavy*, No. Civ. A. 94-336-GMS, 2001 WL 848603 (D. Del. July 27, 2001); *Hamilton v. Leavy*, 117 F.3d 742 (3d Cir. 1997); and *Hamilton v. Lewis*, Civ. A. No. 94-336-SLR, 1995 WL 330728 (D. Del. May 26, 1995).

dismissed only if, after accepting as true all of the facts alleged in the complaint, and
drawing all reasonable inferences in the plaintiff's favor, no relief could be granted
under any set of facts consistent with the allegations of the complaint." *Id.* (internal
citation omitted). The moving party has the burden of persuasion. *See Kehr Packages,
Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

## IV. DISCUSSION

The principal focus of Defendants' Motion and Plaintiff's Supplemental Brief in
Opposition to Defendants' Motion to Dismiss (D.I. 373) is 11 *Del. C.* § 6531, which
provides, under part (a), that "[p]ersons committed to the institutional care of the
department shall be dealt with humanely... ."[4] Defendants assert that there has never
been a Delaware court decision finding a private right of action under 11 *Del. C.* § 6531
and that Plaintiff "is effectively asking this Court to make up a cause of action, garb it
with a citation to the Delaware Code, and enforce it against Delaware state officials."
(D.I. 338 at ¶ 5.) In response, Plaintiff argues that section 6531 provides a private right
of action and, for support, cites to a few cases in which section 6531 is mentioned, but
not defined. (D.I. 373 at 8-16.) Additionally, Plaintiff asserts that the "law of the case"
doctrine prevents relitigation of this issue because it has already been decided by the

---

[4] 11 *Del. C.* §§ 6527, 6529, 6530 are directed to the creation and responsibility of
the classification boards, the discretion of the Department of Corrections in adopting
classification systems, and the requirement that information be compiled regarding
each person being classified. Each of these statutory sections is directed to the
conduct of the State's Department of Corrections. Because the parties' arguments are
directed only toward section 6531, and Plaintiff has not asserted that the legislature had
a different intent with regard to the creation of private rights of action under sections
6527, 6529, and 6530, the remainder of this Memorandum Opinion focuses on section
6531.

4

court. (*Id.* at 5-6.) In support, Plaintiff cites to the July 27, 2001 ruling in this matter which denied a motion, filed by Defendants, to dismiss Plaintiff's Delaware state law claims. *Hamilton v. Leavy*, No. CIV. A. 94-336-GMS, 2001 WL 848603, at *13 (D. Del. July 27, 2001.)

"The law of the case doctrine 'limits relitigation of an issue once it has been decided' in an earlier stage of the same litigation." *Hamilton v. Leavy*, 322 F.3d 776, 786-87 (3d Cir. 2003) (internal quotation omitted). However, "[r]econsideration of a previously decided issue may ... be appropriate ... when the record contains new evidence." *Id.* at 787. "But this is so only if the new evidence differs materially from the evidence of record when the issue was first decided and if it provides less support for that decision. ... Accordingly, if the evidence at two stages of the litigation is 'substantially similar,' or if the evidence at the latter stage provides more support for the decision made earlier, the law of the case doctrine will apply." *Id.* (internal citations omitted).

The earlier ruling on this point considered only "the language of Section 6531." *Hamilton*, 2001 WL 848603, at *13. Defendants have since put forward the argument that this section of the Delaware Code was not intended to create a private right of action. Although I was not the judicial officer assigned to the case at the time of the earlier ruling, it appears that having a fully briefed record on this point puts the issue in a different posture than it had been before. It would be strange to require the court to move forward with an unprecedented interpretation of state law, when it seems the issue was not fully explicated before because of the press of the other issues in the

5

case. Thus, the law of the case doctrine does not prevent consideration of this new information and argument.

"A statutory private remedy will be available only if legislative intent to provide such a remedy is present." *Brett v. Berkowitz*, 706 A.2d 509, 512 (Del. 1998) (citing *Thompson v. Thompson*, 484 U.S. 174, 179 (1988); *Young v. Joyce*, 351 A.2d 857, 859 (Del. 1975)). The inquiry is one of statutory construction "limited solely to determining whether or not the General Assembly intended to create the private right of action... ." *Id.* (citing *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15-16 (1979); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)). When not expressly created or denied by the statute, "the issue is whether or not the requisite legislative intent is implicit in the text, structure or purpose of the statute." *Id.* (citing *Thompson*, 484 U.S. at 179).

Plaintiff has failed to present any persuasive argument to demonstrate that the legislation he relies on was intended to confer a private right of action. Plaintiff cites no case which defines the elements of the purported cause of action under section 6531 or defines what proof is required, nor has he presented any evidence that the legislature intended to create such a cause of action. Instead, Plaintiff cites to several cases alluding to a potential cause of action under 6531, but then refers to a Kansas Court of Appeals decision in which that court defined the elements for a cause of action under a similar state statute by relying on the Restatement (Second) of Torts. (D.I. 373 at 18-20.) Viewing section 6531 in the context of the statutory scheme of which it is a part, which is directed to the overall conduct of the State's Department of Corrections, it does not appear that the legislature intended to create a private right of action.

6

Therefore, based on the lack of any indication that the legislature intended to create a private cause of action, I will grant Defendants' Motion.

## V.  CONCLUSION

Accordingly, the Defendants' Motion (D.I. 338) will be granted and the other pending motions described above, *supra* at 1, will be dismissed as moot.