

M. JANE BRADY
ATTORNEY GENERAL

**STATE OF DELAWARE**
DEPARTMENT OF JUSTICE

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19901 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-4698 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

March 9, 2005

PLEASE REPLY TO : New Castle Office - Civil Division

*Via Electronic Filing*
The Honorable Kent A. Jordan
U.S. District Court
U.S. Courthouse
844 North King Street
Wilmington, DE 19801

    RE:   **Hamilton v. Levy, et al**, C.A. No. 94-336-KAJ

Dear Judge Jordan:

    Yesterday, Your Honor ruled the affirmative defense of statute of limitation was not to be presented to the jury as it had been previously denied in summary judgment by Judge Sleet on July 27, 2001. It was anticipated that certain defendants would testify (and the record is undisputed) that they only first received notice of this lawsuit in 1998 and at the close of the evidence, a Rule 50 motion would have been presented and/or the matter would be submitted to the jury. (Final Pretrial Order, IV. Agreed Issues of Law, page 4, ¶ 2) To comply with your Honor's ruling, the affected defendants will not offer any evidence on the statute of limitation defense and will assume, unless you direct otherwise, that the Court will not entertain any Rule 50 motions or evidence on the statute of limitation issue.

    A second affirmative defense set out in the Final Pretrial Order at page 5, item 3 is the issue of collateral estoppel (fact or claim preclusion). Like the statute of limitation issue, Your Honor's predecessor denied defendant's summary judgment motion in 2001. Following Your Honor's ruling in the statute of limitation issue, the defendants will not offer any evidence on fact preclusion base on the decisions in *Hamilton v. Martino,* C.A. No. 93-439-LON (D.Del. June 10, 1997) and (D.Del. April 7, 1998) and will assume, unless you direct otherwise,

that the Court will not entertain any Rule 50 motions or evidence on the preclusion issue.

You will recall that yesterday afternoon, Mr. Shaw cited to footnote 12 in Judge Sleet's July 27, 2001 Opinion which denied summary judgment. Footnote 12 provides: "In granting Hamilton's motion to amend, the court also ordered the defendants to show cause why they should not be sanctioned pursuant to Rule 11(c)(1)(B) of the Federal Rules of Civil Procedure, for their baseless opposition to Plaintiff's Second Motion to Amend." I have enclosed a copy of Judge Sleet's October 19, 1999 Order finding that this writer's opposition to plaintiff's 2nd motion to amend the complaint in this matter was proper to preserve such issues for appeal. The 2001 footnote is at best puzzling given Judge Sleet's own prior determination of October 19, 1999 that is was proper to have opposed a second application to amend the complaint. I do hope this will be the last time this issue will be raised.

I thank you for your patience and hope that the above will help expedite the trial.

Very truly yours,

Marc P. Niedzielski
Deputy Attorney General

Attachment
Cc:  John W. Shaw, Esquire
     Codefendants' counsel