

82 Fed.Appx. 773
82 Fed.Appx. 773, 2003 WL 22998139 (3rd Cir.(Pa.))
**(Cite as: 82 Fed.Appx. 773, 2003 WL 22998139 (3rd Cir.(Pa.)))**

Page 1

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

NOT PRECEDENTIAL

Please use FIND to look at the applicable circuit court rule before citing this opinion. Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3 IOP APP I 5.3.)

United States Court of Appeals,
Third Circuit.
Jane DOE,
v.
GOLDSTEIN'S DELI; Daniel Dieffenbach;
Charles Welki (D.C. Civil No. 01-cv-
01324)
Sarah Parrish,
v.
Goldstein's Deli; Daniel Dieffenbach; Charles
Welki (D.C. Civil No. 01-cv-
01325)
Jane DOE and Sarah PARRISH, Appellants.
**No. 02-1361.**

Argued Dec. 16, 2002.
Decided Dec. 19, 2003.

**Background:** Employees sued employer and individual defendants, alleging sexual harassment in violation of Title VII. The United States District Court for the Middle District of Pennsylvania, William J. Nealon, J., dismissed, and employees appealed.

**Holding:** The Court of Appeals, McKee, Circuit Judge, held that impropriety in employer's record keeping did not warrant presumption that employer employed 15 or more people.
Affirmed.

West Headnotes

**[1] Civil Rights** ⚖1535
78k1535 Most Cited Cases

**[1] Evidence** ⚖78
157k78 Most Cited Cases
Impropriety in employer's record keeping, specifically in documenting its employees and the hours they worked, did not warrant a presumption that the
employer employed 15 or more people, as required to be an "employer" for Title VII purposes, during the relevant time periods. Civil Rights Act of 1964, § 701(b), 42 U.S.C.A. § 2000e(b).

**[2] Civil Rights** ⚖1111
78k1111 Most Cited Cases
The 15-employee requirement contained in Title VII's definition of "employer" is an element of a plaintiffs' cause of action, rather than a jurisdictional requirement. Civil Rights Act of 1964, § 701(b), 42 U.S.C.A. § 2000e(b); Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.
**\*774** On Appeal from the United States District Court for the Middle District of Pennsylvania. (D.C. Civil No. 01-CV-01324). (D.C. Civil No. 01-CV-01325). District Judge: Hon. William J. Nealon.

Cynthia L. Pollick (Argued), The Employment Law Firm, Pittston, PA, for Appellant.

Kimberly D. Borland (Argued), Borland & Borland, Wilkes-Barre, PA, for Appellee.

Robert J. Gregory, Equal Employment Opportunity Commission, Washington, DC, for Amicus-Appellant.

Before NYGAARD, ALITO and McKEE, Circuit Judges.

OPINION

McKEE, Circuit Judge.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

82 Fed.Appx. 773                                                                                    Page 2
82 Fed.Appx. 773, 2003 WL 22998139 (3rd Cir.(Pa.))
(Cite as: 82 Fed.Appx. 773, 2003 WL 22998139 (3rd Cir.(Pa.)))

**\*\*1** Jane Doe and Sarah Parrish appeal the district court's dismissal of their Title VII suit against Goldstein's Deli, *et al.* The district court dismissed their complaint pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons that follow, we will affirm the judgment of the court.

### I.

Jane Doe and Sarah Parrish sued their employer, Goldstein's Deli, Daniel Dieffenbach and Charles Welki pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging sexual harassment. The defendants moved for dismissal under Fed.R.Civ.P. 12(b)(1), arguing that the district court lacked subject matter jurisdiction because defendants did not fall within the definition of "employer" as required under Title VII. Both parties conducted discovery, filed several briefs in support of their positions and participated in an evidentiary hearing involving fourteen witnesses conducted over the course of four days. Following those proceedings, the district court granted the defendant's motion to dismiss. This appeal followed. [FN1]

> FN1. The complaint names three defendants. However, the individual defendants are named only because of their interest in Goldstein's Deli; the employer that allegedly discriminated. Accordingly, we will refer to the "defendant" in the singular throughout this opinion.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a motion to dismiss is plenary. *State Farm Mutual Automobile Insurance Co. v. Coviello,* 233 F.3d 710, 713 (3d Cir.2000). We review the factual findings of the district court for clear error. *See* **\*775**Carpet *Group Int'l v. Oriental Rug Importers Ass'n,* 227 F.3d 62, 69-70 (3d Cir.2000) (explaining that "this Court reviews the District Court's ... findings of jurisdictional facts for clear error").

### II.

We begin by recognizing the crucial distinction between 12(b)(1) motions that present a facial attack on the complaint and those that question the existence of subject matter jurisdiction in fact, apart from the pleadings. *Mortensen v. First Federal Sav. and Loan Ass'n,* 549 F.2d 884, 891 (3d

Cir.1977). "[A]t issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case...." *Id.* Therefore, a trial court has an obligation to determine as a matter of law, if there is subject matter jurisdiction. While the facial attack offers the plaintiff the safeguard of requiring the court to consider the allegations of the complaint as true, the factual attack allows the court to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen,* 549 F.2d at 891. The court may consider and weigh evidence outside of the pleadings to answer the jurisdictional question. *Gould Electronics Inc. v. United States,* 220 F.3d 169, 178 (3d Cir.2000) (citing *Mortensen,* 549 F.2d at 891). The plaintiff always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction. *Id.; see also McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). Here, plaintiffs argue that they have satisfied that burden and that a preponderance of the evidence establishes that the defendant is an "employer" for purposes of Title VII. They therefore claim that the defendant's factual attack on their complaint should not have been sustained by granting the motion to dismiss.

**\*\*2** The district court reviewed the defendant's employment records for the 31 weeks at issue in 1999. This included the weeks of June 4, 1999 to December 31, 1999. The court concluded that there were, at most, only 13 weeks during that period when the defendant employed 15 or more employees. The court based its findings upon the testimony of several witnesses who were affiliated with Goldstein's Deli during 1999. For example, Deborah Silinski testified that she did not begin working at the Deli until September 17, 1999, thus eliminating her as a potential employee for the weeks of June 25 through September 17. Daniel Dieffenbach, a named defendant, was correctly eliminated from consideration as an employee because he was actually the employer in the sole proprietorship. The court concluded that the testimony of Douglas Hurley and Dorothy Ciesla precluded them from being considered "employees" during significant portions of the relevant period as well, and the record supports that conclusion. [FN2] The court viewed Anthony Roman's testimony in context with defendant's check register to determine

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

82 Fed.Appx. 773
82 Fed.Appx. 773, 2003 WL 22998139 (3rd Cir.(Pa.))
(Cite as: 82 Fed.Appx. 773, 2003 WL 22998139 (3rd Cir.(Pa.)))

Page 3

when Roman was actually paid. The court concluded that he was not an employee prior to September 17, 1999.

> FN2. According to Doug Hurley's testimony, he began working at Goldstein's Deli the week of June 4, 1999 and quit working there on July 16, 1999, returning to employment on September 10, 1999 to work until early October. Dorothy Ciesla's testimony revealed that she worked at Goldstein's Deli from approximately the final week in May of 1999 until about July 11, 1999 and returned to employment with Goldstein's for one week in October.

Finally, the court found, based on her own testimony, that Candice Karis began work in mid November of 1999. There was some testimony that defendant employed a worker named "Theresa" during the relevant period. The court correctly concluded that the record was insufficient *776 to more specifically identify her or to support a finding that she was an employee during the period in question. The court reached the same conclusion regarding an alleged employee named "Jason." Several witnesses could neither identify him by last name nor verify when he actually worked at the Deli. [FN3] After the court considered all of the evidence of record it concluded that the plaintiffs had not established that defendant had the requisite number of employees for 18 weeks of the 31 weeks at issue. The record only established a period of 13 weeks when Goldstein's Deli employed 15 or more employees. As a result, the district court concluded that the plaintiffs had failed to establish that the defendant was an "employer" for the purposes of Title VII. See 42 U.S.C. § 2000e(b), and dismissed the complaint for lack of subject matter jurisdiction.

> FN3. Although some witnesses remembered him as "Jason Buss," others were only able to remember him as "Jason." The inconsistencies in identification and employment verification rightfully gave the court pause in crediting his employment to any particular week.

[1] Doe and Parrish attempt to argue that the district court erred in not presuming federal jurisdiction based upon their contention that

defendant failed to properly document its employees or the hours they worked, in violation of state and federal labor statutes. They suggest that they established that defendant's record keeping was suspiciously inadequate during the period of the alleged harassment and that this should have caused the court to draw an adverse inference in plaintiffs' favor based on the absence of specific records. The argument has some force.

"When the contents of a document are relevant to an issue in a case, the trier of fact generally may receive the fact of the document's nonproduction or destruction as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm him." Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 334 (3d Cir.1995)(citing Gumbs v. International Harvester, Inc., 718 F.2d 88, 96 (3d Cir.1983); United States v. Cherkasky Meat Co., 259 F.2d 89 (3d Cir.1958)). In order for this rule to apply, the evidence in question must be in the party's control and there must have been an actual suppression or withholding of the evidence. Id. "No unfavorable inference arises when circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for." Id. Even assuming that the failure to keep adequate records of hourly employment constituted a violation of law, [FN4] there is simply no evidence to suggest that the action was taken to gain some kind of advantage. In fact, during his deposition, Daniel Dieffenbach explained that the records of hours worked were not kept for each employee because it was not necessary to do so once a payroll check was issued and the transaction was recorded in a checkbook register.

> FN4. Plaintiffs briefly point to the Fair Labor Standards Act, 29 USC § 206, and the Pennsylvania Minimum Wage Act, 43 PS § 333.104 as requiring maintenance of payroll records. While 29 C.F.R. §§ 516.2(a), 516.5(a) require that certain employment records be kept by an employer, the defendant's failure to produce them does not require the court to draw an adverse inference which would presume subject matter jurisdiction over this case.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

82 Fed.Appx. 773
82 Fed.Appx. 773, 2003 WL 22998139 (3rd Cir.(Pa.))
**(Cite as: 82 Fed.Appx. 773, 2003 WL 22998139 (3rd Cir.(Pa.)))**

**\*\*3** The district court was clearly critical of the defendant's record keeping. The court remarked: "I don't think the defense can take any great comfort in that finding, because I think the record is--is muddled and perhaps there were many records that if kept and made available would have--**\*777** may possibly have supported plaintiff's case, but I can't say it would have." App. at 930-31. We agree that impropriety in the record keeping here does not bridge the void in plaintiffs' proof.

Finally, the plaintiffs contend that the district court erred by "holding the Appellants to a stringent standard in assessing a factual 12(b)(1) motion." However, that argument is simply without merit. Nothing suggests that the district court adopted an incorrect standard of proof in reviewing this record. In fact, the court made clear that it was applying the preponderance of the evidence standard in concluding that the plaintiffs failed to establish that the defendant was an "employer" under Title VII. App. at 21. That is the correct standard, and plaintiffs have not established that the court's pronouncement of that standard was other than an explanation of the standard of proof it was adopting.

### III.

**[2]** After a careful review of the evidence, the district court concluded that plaintiffs had not established that defendant was an "employer," as required under Title VII. As noted above, the district court believed that the 15 employee requirement contained in the definition of "employer" was jurisdictional and therefore dismissed the complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). However, we have recently held that the 15 employer requirement is an element of plaintiffs' cause of action, rather than a jurisdictional requirement. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 2003 WL 22390426, (3d Cir.2003). The district court therefore erred in concluding that it did not have subject matter jurisdiction. However, we conclude that we can affirm on other grounds. *Guthrie v. Lady Jane Collieries, Inc.*, 722 F.2d 1141, 1145 n. 1 (3d Cir.). Because the plaintiffs did not object to the District Court's decision to hold evidentiary hearings concerning whether Goldstein's was an "employer" within the meaning of 42 U.S.C. § 2000e(b), "we approach the case as if [the plaintiffs] had agreed to a bench trial of the question." *Sharpe v. Jefferson Distributing Co.*, 148 F.3d 676, 678 (7th Cir.1998). Because, as noted, the District Court's findings of fact were not clearly erroneous we will affirm the judgment of the district court based upon plaintiffs' inability to establish an element of their Title VII cause of action.

82 Fed.Appx. 773, 2003 WL 22998139 (3rd Cir.(Pa.))

**Briefs and Other Related Documents (Back to top)**

. 02-1361 (Docket)

(Feb. 07, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.