IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEROME HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 94-336-KAJ |
| | ) | |
| FAITH LEAVY, PAMELA FAULKNER, WILLIAM QUEENER, FRANCES LEWIS, GEORGE M. DIXON, JACK W. STEPHENSON, DEBORAH L. GRAIG, JOANNE SMITH, DENNIS LOEBE, ELDORA C. TILLERY, FRANCIS COCKROFT, and JERRY BORGA, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# PRELIMINARY JURY INSTRUCTIONS

March 14, 2005
Wilmington, Delaware

## INTRODUCTION

Ladies and gentlemen, you have been selected as jurors in this case. What I will now say is intended to introduce you to the trial and the law that you will apply to evaluate the evidence that you will hear. I will also give you detailed instructions on the law at the end of the trial. All of my instructions are important, and you should consider them together as a whole. Please listen carefully to everything I say.

You have already heard me name the parties to this suit during our earlier question-and-answer session. I also mentioned that Mr. Hamilton was an inmate within the custody of the Delaware Department of Corrections. He claims that he sustained damages because, while he was in custody, the defendants deprived him, under color of state law, of rights guaranteed to him by the Constitution of the United States. Mr. Hamilton specifically claims that the defendants were deliberately indifferent to the danger that he would be physically assaulted by other prisoners and that, because of that deliberate indifference and the assault that actually occurred, the defendants are responsible for violating the plaintiff's right under the Eighth Amendment to the United States Constitution to be free of "cruel and unusual punishment." The defendants deny that they were deliberately indifferent and violated any of the plaintiff's rights.

The defendants here are being sued as individuals. Even though they were or are employees of the Delaware Department of Correction, neither the State of Delaware nor the Department of Correction is a defendant in this trial.

**DUTIES AS JURORS**

Let's talk a moment about your duties as jurors. Trial by jury is one of the cornerstones of our free society. Faithful performance by you of your duties is vital to the administration of justice.

You have two main duties as jurors. The first is to decide what the facts are from the evidence that you will see and hear in court. Deciding what the facts are is your job, not mine, and nothing that I will say or do should influence your view of the facts in any way. In deciding what the facts are, you must not engage in guesswork or speculation. You must not be influenced in any way by any personal feeling of sympathy for, or prejudice against, either side in this case. Each side is entitled to the same fair and impartial consideration.

Your second duty is to take the law that I give you and apply it to the facts. It is my job to instruct you about the law, and you are bound by the oath you just took to follow my instructions, even if you personally disagree with them. This includes these instructions and the instructions that I will give you during and after the trial. All of my instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**BURDEN OF PROOF**

Mr. Hamilton has the burden of proving his claim by what is called a preponderance of the evidence. That means the plaintiff has to produce evidence that, when considered in light of all of the facts, leads you to believe that what he claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendants' evidence on the opposite sides of a scale, the evidence supporting the plaintiff's claim would have to make the scales tip somewhat on his side.

Some of you may have heard the phrase "proof beyond a reasonable doubt." That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one. You should therefore not consider it in this case.

**EVIDENCE**

The evidence you will consider consists of the sworn testimony of witnesses, the exhibits admitted into evidence, and any facts the parties admit or agree to. Nothing else is evidence. The lawyers' statements and arguments are not evidence; their questions and objections are not evidence. My comments or questions are not evidence. Nothing you see or hear outside the courtroom is evidence.

From time to time it may be the duty of the attorneys to make objections to evidence that should not be presented at this trial under the rules of evidence. It is my duty as the judge to rule on those objections and decide whether you can consider the evidence in question. My decisions about the admission of evidence are governed by rules of law. You must not be influenced by any objection or by my reasons for making an evidentiary ruling. If I sustain an objection or order evidence stricken from the trial, do not speculate about what a witness might have said or what an exhibit might have shown. You must not consider that evidence.

Use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Make your decisions about the trial based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

In this trial, the parties may present "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness that, if you believe the testimony, directly proves a fact. For example, if a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of facts and circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## NO DISCUSSIONS OR RESEARCH

Until this case is submitted to you for your deliberation, you are to keep an open mind and not decide any issue in this case. You also must not discuss this case with anyone, remain within hearing of anyone discussing it, or read any newspaper article that discusses it. After this case has been submitted to you, you must discuss this case only in the jury room when all members of the jury are present.

It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves. The only evidence you may consider will be the evidence presented at trial. Because of this, you should not attempt to gather any information on your own that you think might be helpful. Do not do any outside reading on this case and do not in any other way try to learn about the case outside the courtroom.

The reason for these rules, as I am certain you will understand, is that you must decide this case solely on the evidence presented at the trial.

**NOTES**

If you wish to, you may take notes during the presentation of the evidence here in court, during the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law.  My Courtroom deputy will arrange for pens, pencils, and paper.  If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night.  And remember that they are for your own personal use -- they are not to be given or read to anyone else.

As you see,  we have a court reporter here who will be transcribing the testimony during the course of the trial.  However, you should not assume that the transcripts will be available for your review during your deliberations.  Nor should you consider notes that you or fellow jurors may take as a kind of written transcript.  Instead, as you listen to the testimony,  keep in mind that you will be relying on your recollection of the testimony during your deliberations.  Here are some other specific points to keep in mind about note taking:

1.    <u>Note-taking is permitted, not required</u>.  Each of you may take notes.  No one is required to take notes.

2.    <u>Be brief</u>.  Do not try to summarize all of the testimony.  Notes are for the purpose of refreshing memory.  They are particularly helpful when dealing with measurements, times, distances, identities, and relationships.  Over-indulgence in note-taking may be distracting.  You, the jurors, must pass on the credibility of witnesses;

hence, you must observe the demeanor and appearance of each person on the witness stand to assist you in passing on his or her credibility. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation itself.

      3.    <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a stimulant to your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.

      4.    <u>Do not take your notes away from court</u>. I repeat, at the end of each day, please leave your notes in the jury room. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations.

## LOGISTICAL INFORMATION

1. Temperature – dress in layers. It is difficult for our landlord, the Government Services Administration, to maintain a constant temperature in the building. That is particularly true when the seasons are changing and the temperature outside can be erratic. So bring a sweater or jacket you can wear if the air conditioning is overdone but which you can take off if things get too warm.

2. Jury Stickers – Please wear the stickers you've been given that identify you as jurors. We don't have specialized access for you to the elevators or other common areas in the building. You will be sharing those with the representatives of the parties and others who have business with the Court. Everyone wants to help you maintain the appropriate detachment you must have in order to avoid being influenced by things outside the courtroom. By wearing your stickers, you help the parties and others to preserve that detachment. And please, do not be offended if the attorneys or court personnel or others involved in the trial seem stand-offish when you see them in the elevators or elsewhere in the building. Again, they are not trying to be unfriendly, but they are obligated to avoid contact with you outside the context of the presentations in the courtroom.

3. Security System and Timeliness – You'll recall that when you came into the building today, you had to go through a security screening system. If you had a cell phone, you had to check that in with one of the Court Security Officers. Such screening can cause delays, so please plan your arrival time at court in a manner that will allow you to be in the jury room before 9:00 a.m. each day of trial so that you can all come in

and be seated together in the jury box promptly at 9:00. I should note that, sometimes, the other participants in this proceeding may cause you to wait. You will have done your part and arrived in the morning or after a break so that we can begin on time and yet you will be left in the jury room. I promise that I will do my utmost to hold such delays to the absolute minimum. We may be able to eliminate them entirely, but there are times during the course of a trial when matters arise which could not reasonably have been anticipated and which require the Court's attention. For example, the attorneys may have a legal issue which they need help resolving and in which it would not be appropriate to have you involved. If we have to deal with matters outside your presence, please be patient. Likewise, if I am required to deal with other proceedings, I ask your indulgence. Neither the Court nor the parties mean you any disrespect by a delay. On the contrary, your willingness to serve and the sacrifice of your time is deeply appreciated by all of us involved in these proceedings.

    4. Schedule – A few additional words about the daily schedule: as I mentioned, we will begin taking testimony each day at 9:00 a.m. We will plan to have a break at mid-morning (at about 10:30), to recess for a one-hour lunch at approximately 12:30, to have a mid-afternoon break (at about 3:00), and to conclude the taking of testimony by 4:30 p.m. sharp. You can plan that you will be able to leave court each day by 4:30.

## COURSE OF TRIAL

The trial will now begin. First, the parties may make opening statements. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, the plaintiff will present his witnesses, and defendants may cross-examine them. Then the defendants will present their witnesses, and plaintiff may cross-examine them. Both sides may offer documents in evidence.

When all the evidence is in, the attorneys will make their closing arguments to summarize and interpret the evidence for you and I will give you instructions on the law. You will then retire to deliberate on your verdict.