# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M STARGATT
BEN T CASTLE
SHELDON N SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A KARSNITZ
BARRY M WILLOUGHBY
JOSY W INGERSOLL
ANTHONY G. FLYNN
JEROME K GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W BOWSER
LARRY J TARABICOS
RICHARD A. DILIBERTO, JR
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C SHAFFER
DANIEL P. JOHNSON
CRAIG D GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W SHAW
JAMES P HUGHES, JR
EDWIN J HARRON
MICHAEL R. NESTOR
MAUREEN D LUKE
ROLIN P BISSELL

SCOTT A. HOLT
JOHN T DORSEY
M BLAKE CLEARY
————
ATHANASIOS E AGELAKOPOULOS
JOSEPH M BARRY
KEVIN M. BAIRD
SEAN M BEACH
DONALD J. BOWMAN, JR
TIMOTHY P CAIRNS
CURTIS J CROWTHER
MARGARET M DIBIANCA
ERIN EDWARDS
KENNETH J ENOS
IAN S FREDERICKS
JAMES J GALLAGHER
DANIELLE GIBBS
SEAN T GREECHER
KARA S HAMMOND
DAWN M JONES
RICHARD S. JULIE (NY ONLY)
KAREN E KELLER
JENNIFER M. KINKUS
EDWARD J KOSMOWSKI
JOHN C KUFFEL
TIMOTHY E. LENGKEEK
MATTHEW B LUNN
JOSEPH A MALFITANO
GLENN C MANDALAS
ADRIA B. MARTINELLI
MICHAEL W MCDERMOTT
MATTHEW B MCGUIRE
MARIBETH L MINELLA
EDMON L. MORTON
JENNIFER R. NOEL
JOHN J PASCHETTO
ADAM W POFF
SETH J REIDENBERG
FRANCIS J. SCHANNE
MICHAEL P STAFFORD
JOHN E. TRACEY
ALFRED VILLOCH, III
CHRISTIAN DOUGLAS WRIGHT
SHARON M ZIEG

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

WRITER'S DIRECT DIAL NUMBERS
VOICE: (302) 571-6689
FAX: (302) 576-3334

E-MAIL: jshaw@ycst.com

H ALBERT YOUNG
1929-1982
H JAMES CONAWAY, JR
1947-1990
WILLIAM F. TAYLOR
1954-2004
————
STUART B. YOUNG
EDWARD B MAXWELL, 2ND
OF COUNSEL
————
JOHN D MCLAUGHLIN, JR
ELENA C NORMAN (NY ONLY)
SPECIAL COUNSEL
————
GEORGETOWN OFFICE
110 WEST PINE STREET
P O BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

March 16, 2005

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court
844 N. King Street
Wilmington, DE 19801

Re:    Hamilton v. Levy, et al., C.A. No. 94-336-KAJ

Dear Judge Jordan:

This letter contains citations and legal authority for the open jury instruction issues.

First, as to punitive damages, the Supreme Court in a failure to protect case has held that punitive damages may go to a jury under a charge similar to that proposed by Mr. Hamilton in this case. Smith v. Wade, 461 U.S. 30, 56 (1983). According to the Court:

> We hold that a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protective rights of others. We further hold that this threshold applies even when the underlying standard of liability for compensatory damages is one of recklessness.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
March 16, 2005
Page 2

Id.

      Second, the Third Circuit places the burden of proof on qualified immunity on the defendants:

> We therefore hold that in § 1983 actions the burden is on the
> defendant official claiming official immunity to come forward and
> to convince the trier of fact by a preponderance of the evidence
> that, under the standards of *Wood v. Strickland*, official immunity
> should attach.

Skehan v. Board of Trustees of Bloomsburg State College, 538 F.2d 53, 61-62 (3d Cir.) (in banc), cert. denied, 429 U.S. 979 (1976). See also Black v. Bayer, 672 F.2d 309, 316 (3d Cir., 1982) (holding that defendant must establish qualified immunity "as a defense by evidence presented at trial") (overruled on other grounds in D.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1368 n.7 (3d Cir. 1992)).

      Third, defendants' proposed instruction on deliberate indifference (3.5B) seriously misstates the law. First, in the first sentence, the defendants improperly attempt to re-define deliberate indifference. According to the court of appeals, the standard is this:

> The defendants violated Hamilton's Eighth Amendment rights
> only if they acted with deliberate indifference to his safety; in other
> words, to be liable, the defendants must have known that Hamilton
> "face[d] a substantial risk of serious harm" and they must have
> "disregard[ed] that risk by failing to take reasonable measures to
> abate it."

Hamilton v. Levy, 322 F.3d 776, 786 (3d Cir. 2003). This language directly defines deliberate indifference as a two-part test (knowledge plus disregard), and this language is the standard stated in plaintiff's proposed instruction 3.3A, which the Court has accepted.

      Defendant's proposal in 3.5B changes this standard in numerous ways. In the first sentence, for example, the defendants expand the standard to require "actual awareness" and "deliberate indifference." The defendants then define deliberate indifference as actual awareness coupled with "deliberately took no action to eliminate the risk or prevent the harm." The Third Circuit standard articulated in Hamilton, however, is not "deliberately took no action to eliminate the risk or prevent the harm" – it is, instead, that the defendants "disregard[ed] that risk by failing to take reasonable measures to abate it." Hamilton, 322 F.3d at 786.

      The Court of Appeals reached a similar result in Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001):

> From Farmer and Hamilton we extract the following precepts. To
> be liable on a deliberate indifference claim, a defendant prison

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
March 16, 2005
Page 3

> official must both "know[] of and disregard[] an excessive risk to
> inmate health or safety." Farmer, 511 U.S. at 837. The knowledge
> element of deliberate indifference is subjective, not objective
> knowledge, meaning that the official must actually be aware of the
> existence of the excessive risk; it is not sufficient that the official
> should have been aware. See id. at 837-38. However, subjective
> knowledge on the part of the official can be proved by circum-
> stantial evidence to the effect that the excessive risk was so
> obvious that the official must have known of the risk. See id. at
> 842. Finally, a defendant can rebut a prima facie demonstration of
> deliberate indifference either by establishing that he did not have
> the requisite level of knowledge or awareness of the risk, or that,
> although he did know of the risk, he took reasonable steps to
> prevent the harm from occurring. See id. at 844.

(emphasis supplied).

Nor is it necessary or proper for the Court to include references to criminal
recklessness or negligence. Farmer does indeed mention both terms, but only because the
Farmer Court faced the question of which standard applied. The Farmer court decided that the
qualified immunity standard was akin to criminal recklessness, but then defined "criminal
recklessness" in language that is already in Instruction 3.3A, Hamilton, and Beers-Capitol:

> The criminal law, however, generally permits a finding of
> recklessness only when a person disregards a risk of which he is
> aware.
>
> *       *       *
>
> We reject petitioner's invitation to adopt and objective test for
> deliberate indifference. We hold instead that a prison official
> cannot be found liable under the Eighth Amendment for denying
> an inmate humane conditions of confinement unless the official
> knows of and disregards an excessive risk to inmate health or
> safety.

Farmer v. Brennan, 511 U.S. 825, 836-837 (1994).

There is no need to redefine this clear standard for the jury by first injecting the
term "criminal recklessness" and then injecting a definition of negligence to illustrate a meaning
of criminal negligence. Deliberate indifference needs no other definition than the definition
given by the Supreme Court in Farmer and the Court of Appeals in this case.

Fourth, immediately after the charge conference ended, the parties agreed to
language for the superseding cause instruction, e.g., that the first paragraph will be eliminated
and the last sentence of the second paragraph will be eliminated.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
March 16, 2005
Page 4

Fifth, the Court directed the parties to discuss Instruction 3.5C (Official Immunity). Because plaintiff's objection on making this fact issue and issue for the jury is overruled, plaintiff's remaining objections are as follows. The second sentence in the second paragraph is unnecessary. The last sentence of that paragraph ("you may consider the employee's circumstances" is not directly reflected in the case law, but, more importantly, is encapsulated by the sentence earlier in the paragraph when it discusses "reasonable correctional employee[s] in the same circumstances." The final paragraph of the proposed instruction is unnecessary, as the verdict form will require the jury to make a separate determination as to each defendant, and the way the first sentence is worded, it states that the jury must find for "each defendant . . ." This contradicts the particularized, employee by employee inquiry that is required under the law.

Finally, on damages (Instruction 5.0A), Mr. Hamilton will withdraw the fourth listed item of damages ("compensation for the violation of his constitutional rights").

Respectfully submitted,

/s/

John W. Shaw

JWS/pt
cc:  Clerk of the Court (via e-filing)
     Ralph K. Durstein, III, Esquire (via e-filing)
     Thomas H. Ellis, Esquire (via e-filing)
     Aaron Goldstein, Esquire (via e-filing)
     Richard W. Hubbard, Esquire (via e-filing)
     Marc P. Niedzielski, Esquire (via e-filing)