IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEROME HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 94-336-KAJ |
| | ) | |
| FAITH LEVY, PAMELA FAULKNER, | ) | |
| WILLIAM QUEENER, FRANCES | ) | |
| LEWIS, JACK W. STEPHENSON, | ) | |
| DEBORAH L. CRAIG, DENNIS LOEBE, | ) | |
| ELDORA C. TILLERY, and JERRY | ) | |
| BORGE, | ) | |
| | ) | |
| Defendants. | ) | |

## JURY  INSTRUCTIONS

March 16, 2005
Wilmington, Delaware

**INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

Remember your duties as jurors as I explained them to you at the beginning of the case.  You must decide what the facts are from the evidence you saw and heard in court.  Nothing I have said or will say should influence your view of the facts in any way.  Do not guess or speculate, and do not be influenced in any way by any personal feeling of sympathy for, or prejudice against, either side in this case.  All parties are entitled to the same fair and impartial consideration.

You must also take the law that I give you and apply it to the facts.  You are bound by the oath you just took to follow my instructions, even if you personally disagree with them.  This includes the instructions that I gave you when we started and during trial. Justice through trial by jury always depends on the willingness of each juror to do two things; first, to seek the truth about the facts from the same evidence presented to all the jurors; and, second, to arrive at a verdict by applying the same rules of law as explained by the judge.

You should consider only the evidence in the case.  Evidence includes the witnesses' sworn testimony and the items admitted into evidence.  I'll say more about this in a moment.  You are allowed to draw reasonable conclusions from the testimony and exhibits, if you think those conclusions are justified in light of common experience. In other words, use your common sense to reach conclusions based on the evidence.

All of my instructions are important, and you should consider them together as a whole.  I will not repeat my earlier instructions about evidence and how to weigh and consider it.  You have copies of these instructions, however, and you should refer to them as you feel necessary.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.  All the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law, and reach a just verdict, regardless of the consequences.

**BURDENS OF PROOF**

Mr. Hamilton has the burden to prove the essential elements of his claims by a preponderance of the evidence. That means Mr. Hamilton must produce evidence that, when considered in light of all of the facts, leads you to believe that what Mr. Hamilton claims is more likely true than not. To put it differently, if you were to put Mr. Hamilton's and Defendants' evidence on the opposite sides of a scale, the evidence supporting Mr. Hamilton's claims would have to make the scales tip somewhat on its side.

Finally, keep in mind that "proof beyond a reasonable doubt" does not play any part in this case and you should, therefore, not consider it at all in your deliberations.

**EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the parties agreed to; and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.  As stated before, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, a jury must disregard the question entirely and may draw no inference from the wording of it or speculate about what the witness would have said if permitted to answer any question.

During the trial, I may have not let you hear the answers to some of the questions that the lawyers asked.  I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes, I may have ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely

5

ignore all of these things.  Do not even think about them.  Do no speculate about what a

witness might have said or what an exhibit might have shown.  These things are not

evidence and you are bound by your oath not to let them influence your decision in any

way.

On the other hand, in admitting evidence, I do not pass upon its accuracy, value or

weight of the admitted evidence, and the impact that it has upon the issues in this case,

are to be determined solely by you.  Thus, in admitting evidence, I have not, and you

should not consider that I have, rendered any opinion or conclusion regarding those

matters.  Make your decision based only on the evidence, as I have defined it here, and

nothing else.

However, while you should consider only the evidence in the case, you are permitted, as I

mentioned earlier, to draw such reasonable inferences from the testimony and exhibits as

you feel justified in light of common experience.

In other words, you may make deductions and reach conclusions that reason and

common sense lead you to draw from the facts that the testimony and other evidence in

the case has established.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness who observed firsthand what occurred and which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, it would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  It is the inference of one fact from another fact that has been proved. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You are instructed that circumstantial evidence, as I have just defined it, is no different in its effect from direct evidence.  Both forms of evidence are equally valid and may form the basis for your determination.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one.  Nor does it say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CONFLICTS IN EVIDENCE

If you find the evidence in this case to be in conflict, you should try to reconcile it to make one harmonious and understandable story of all the evidence, but if you cannot reconcile the differences, then it becomes your duty to estimate the weight in your minds and the value of the evidence of the respective sides and give credence to that side upon which you find the greater weight and the most credit.  In estimating that weight and giving credit, you may consider each witness' means of knowledge, the facts about which the witness testified, the witness' apparent truthfulness and fairness, and all other facts and circumstances indicating whether the witness is reliable.

## CREDIBILITY OF WITNESSES

As jurors and the triers of fact, it is your sole and exclusive responsibility to pass upon the credibility of the witnesses and the weight of the evidence. By credibility, I mean the believability of every witness. In performing this function, you should consider any bias or prejudice shown by the witness, their candor, that is, their straightforwardness, their demeanor, what they may have to gain from this litigation, whether they were certain or uncertain about their testimony, whether the witness has on a prior occasion said something different from what the witness says now, the reason that witness gives, if the witness gives a reason, for the difference, any conscious, false statement made by the witness, the overall circumstances surrounding the testimony given by each witness in the context of this case as well as all other facts and circumstances that are in evidence which tend to affect the credibility of each witness.

Simply, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at another time the witness said [or did] something, [or failed to say or do something] that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

If you find that a person has knowingly and wilfully given false testimony concerning a material fact in this case, about which the witness could not have been mistaken, then

9

you may be justified in rejecting all the testimony of that person in any respect in which it is not corroborated or is in conflict with the testimony of other more credible witnesses. Testimony that is obviously incredible may be disregarded completely.

This does not mean that if you find that a person has wilfully given false testimony as to a material fact, you must reject all of that person's testimony, but rather that you may infer from that fact that the balance of the person's testimony, which is not corroborated by other evidence, may likewise be false, and therefore, is entitled to little or no weight.

If you find the testimony in conflict, then it is your duty to reconcile it, if you reasonably can. If you cannot do this, then it becomes your duty to give regard to that portion of the testimony that, in your opinion, is most worth credit. In so doing, you should consider the appearance of the witnesses as they testified before you, their fairness in giving their testimony, and you should consider any bias or interest that they may have in the outcome of this proceeding, and their opportunities of knowing or learning the facts about which they have testified.

**IMPEACHMENT BY PRIOR CONVICTIONS**

In weighing the credibility of a witness, you may consider the fact that he has previously been convicted of a felony or a crime of dishonesty. Such a conviction does not necessarily destroy the witness's credibility, but is one of the circumstances which you may take into account in determining the weight to give his testimony.

**THE CLAIM AT ISSUE**

As you know, this is a case involving allegations by the plaintiff that, while he was a prisoner in the custody of the Delaware Department of Corrections, the defendants were deliberately indifferent to a substantial danger that he would be physically assaulted by other prisoners and that, because of that deliberate indifference and an assault that actually occurred, the defendants are responsible for violating the plaintiff's right under the Eighth Amendment to the United States Constitution to be free of "cruel and unusual punishment." As I will explain shortly, the plaintiff brings this claim of a constitutional deprivation by invoking a federal civil rights statute, 42 U.S.C. § 1983.

The defendants deny that they were deliberately indifferent and violated any of the plaintiff's rights.

**MULTIPLE DEFENDANTS**

There are now nine individual defendants in this case.  Plaintiff has the burden of proving his claim against each of the defendants.  Each of the defendants is entitled to a fair consideration of the evidence and their defenses as it relates to them individually. Even if you should find against one of the defendants, that should not affect your consideration of the others' defenses.

**CIVIL RIGHTS LAW**

Now, as I noted a moment ago, Mr. Hamilton's claim is brought pursuant to Section 1983 of Title 42 of the United States Code, which provides that an individual may seek to recover money damages from any person who, under color of state law, has deprived that individual of any of his constitutional rights.

In order to win on a claim brought under Section 1983, a plaintiff must prove the following things by a preponderance of the evidence:

1.     That defendants were acting under color of state law; and

2.     That defendants' actions deprived Mr. Hamilton of a constitutional right.

3.     That defendants' actions proximately caused Mr. Hamilton's injuries.

I will explain each of these elements to you.

14

**COLOR OF STATE LAW**

The first element is that defendants were "acting under color of state law."

The parties have stipulated, and I instruct you that, each of the defendants, at the time of the events in question, were public employees acting under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. So there is no dispute that the first element of the plaintiff's claim. That element is admitted.

## CONSTITUTIONAL RIGHTS PROTECTED BY 42 U.S.C. § 1983

As to the second element, however – namely that defendants' actions deprived Mr. Hamilton of a constitutional right – the parties vigorously disagree.

Section 1983 was enacted by Congress to enforce the 14th Amendment to the United States Constitution.  The 14th Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Eighth Amendment to the Constitution of the United States provides that prison inmates have the right not to be subjected to cruel and unusual punishment.  The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners against unnecessary and wanton infliction of pain.  This constitutional limitation on punishment has been interpreted to impose a duty on prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners.]  While it is not every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for a victim's safety, being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.  Accordingly, a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.

For Mr. Hamilton to show that he was deprived of his Eighth Amendment right to be free of cruel and unusual punishment, two requirements must be met.  First, he must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm.  Second, he must demonstrate that the defendants had a sufficiently culpable state

16

of mind at the time of the events in question.  Specifically, Mr. Hamilton must show that the defendants knew of and disregarded a substantial risk to Mr. Hamilton's health or safety.  A defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the defendant must in fact have drawn that inference.  That is how the plaintiff must show that each defendant was deliberately indifferent.  Mr. Hamilton must prove all of these things by a preponderance of the evidence.

Please note that mere negligence is not the same thing as deliberate indifference. Negligence is the lack of ordinary care, that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances.  If you believe that a defendant was merely negligent, you must find in favor of that defendant.

**IMMUNITY**

As I have already instructed you, the plaintiff Jerome Hamilton is seeking an award of money damages from each of the defendants on a Eighth Amendment failure to protect claim.   If you find that the plaintiff has proven his constitutional claim against any of the defendants,  you will then be asked whether any reasonable correctional employee in that defendant's specific circumstances could nevertheless believe that his or her conduct was lawful.

Government employees such as defendants who are performing discretionary functions are generally shielded from liability where any reasonable employee in the same circumstances could believe that the conduct by that defendant was lawful.  It is undisputed that each defendant was a government employee and was performing discretionary functions at the time of the events in question. You will be asked whether any reasonable correctional employee in the same circumstances as each defendant could have believed that his or her conduct was lawful in light the information you believe that that defendant possessed at the time of the events in question.  This is to be decided in light of the specific context of the case and not as a broad general proposition.

You should note your answers in this regard on the verdict form, which you have heard the attorneys discuss.

**CLAIMS AGAINST EACH DEFENDANT**

Mr. Hamilton has brought his § 1983 claim against each defendant as a separate individual.  You need not find against all defendants in order to find one or more of them liable.  In other words, each claim against each individual must be considered separately.  And, of course, the plaintiff must prove all of the elements of his claim against a defendant before that defendant can be held liable.

**NO VICARIOUS LIABILITY**

Before there can be liability for an alleged violation of the Eighth Amendment, a prison official must be shown to have been personally involved in the deprivation of a prisoner's constitutional right to be free from cruel and unusual punishment.  In this case, there is no contention that any of the defendants should be held liable because of the actions or inaction of another person.  Each official is only responsible for his or her own actions or inaction, and not for the actions or inaction of other officials.

**PROXIMATE CAUSE**

In order for Mr. Hamilton to recover damages, he must prove by a preponderance of the evidence that the defendants' acts or omissions were the proximate cause of his injuries.  Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred.  A proximate cause brings about, or helps to bring about, the injury, and it must have been necessary to the result. Therefore, the defendants' conduct would be a proximate cause of Mr. Hamilton's injury if the injury would not have occurred but for that conduct.

**CONCURRENT CAUSES**

There may be more than one cause of an injury.  The conduct of two or more persons may operate at the same time, either independently or together, to cause injury.  Each cause may be a proximate cause.  A party cannot avoid responsibility for an injury by claiming that somebody else – not a party in this lawsuit – also proximately caused the injury.

**SUPERSEDING CAUSE**

One cause of injury may come after an earlier cause of injury.  The second is called an intervening cause.  The fact that an intervening cause occurs does not automatically break the chain of causation arising from the original cause.  There may be more than one proximate cause of an injury.  In order to break the original chain of causation, the intervening cause must also be a superseding cause, that is, the intervening act or event itself must not have been anticipated nor reasonably foreseen by the person causing the original injury.

**DAMAGES**

If you find for Mr. Hamilton on any of his claims, then you reach the question of compensatory damages. At that point, you must determine the amount of money which will be just compensation for the injuries and damages sustained by Mr. Hamilton. It is Mr. Hamilton's burden to prove the compensatory damages claimed with reasonable certainty by a preponderance of the evidence.

The fact that I am instructing you as to the proper measures of damages should not be considered as intimating any view of mine about whether or not Mr. Hamilton is entitled to such damages. Instructions as to the measure of damages are given for your guidance only in the event that you should find from a preponderance of the evidence in this case that Mr. Hamilton is entitled to such damages.

If you find from the evidence that Mr. Hamilton is not entitled to recover, then you will find for the defendants and no damages will be awarded. On the other hand, if you find for Mr. Hamilton, you will then give consideration to the evidence on the points of injuries and damages, if there have been any, and award such damages as may be reasonable and proper, giving careful and due consideration to all the evidence presented in this case.

The object and purpose of an award of compensatory damages in a civil case is full and reasonable compensation for the harm and injury done, no more and no less. This means that the award of damages must be based on the evidence, must be reasonable, and must be free from bias or sympathy.

You may only award damages for injuries that are proximately caused by a defendants' conduct. Speculative damages are not recoverable. Damages are

24

speculative when there is merely a possibility and not a reasonable probability that they exist.

Damages such as pain and suffering, emotional distress, and the diminishment of the enjoyment of life due to injury and disability, cannot be proved in dollars and cents. As to these types of damages, neither the witnesses nor the attorneys are permitted to express an opinion as to the amount of damages which should be awarded. That determination is for you alone to make based on the evidence.

If you find for Mr. Hamilton you may determine that sum of money which in your judgment will reasonably compensate him for the following:

1.     Any bodily injuries or symptoms which resulted from a defendants' wrongful conduct; and

2.     Mr. Hamilton's pain, suffering and discomfort.

There is no fixed standard or measurement. You must determine a fair and adequate award through the exercise of your judgment and experience after considering all the facts and circumstances presented to you during the trial. While Mr. Hamilton has the burden of proving his damages by a preponderance of the evidence, he is not required to claim and prove with mathematical precision exact sums of money representing his damages. It is required only that he furnish enough evidence so that you, the jury, can make a reasonable determination of those damages. You may not base any award to the plaintiff on speculation, conjecture, sympathy or passion, even if you find that the defendant is liable.

**PUNITIVE DAMAGES**

In addition to any compensatory damages you may award, the law permits you in certain circumstances to award Mr. Hamilton punitive damages, if Mr. Hamilton has proven by a preponderance of the evidence that any defendant acted with an evil motive or intent, or when a defendant's conduct involves a callous or reckless indifference to the plaintiff's constitutional rights.

If you find that such is the case here, then, in addition to any compensatory damages you may award to Mr. Hamilton, you may, but are not required to, award Mr. Hamilton an additional amount as punitive damages if you find it is appropriate to punish that defendant or defendants and others from similar conduct in the future. Whether to award Mr. Hamilton punitive damages and the amount of those damages is within your sound discretion.

The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward either Mr. Hamilton or any defendant.

**EFFECT OF INSTRUCTION AS TO DAMAGES**

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to a verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that a damages award is in order.

## DELIBERATION AND VERDICT

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is juror No.1

One more thing about messages.  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-2, or 4-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges--judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict.

It is proper to add the caution that nothing said in these instructions and nothing in the verdict is meant to suggest or convey in any way or manner any intimation about what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

29

**DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But never change you mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the plaintiff has proved his case by a preponderance of the evidence.

30

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the plaintiff has proved his case by a preponderance of the evidence.

# TABLE OF CONTENTS

<u>Page</u>

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Jurors' Duties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Burdens of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Evidence Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Conflicts in Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Impeachment of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

The Claim at Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Multiple Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Civil Rights Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Color of State Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Constitutional Rights Protected by 42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . 16

Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Claims Against Each Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

No Vicarious Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Proximate Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Concurrent Causes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Superseding Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Punitive Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

i

Effect of Instruction as to Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  27

Deliberation and Verdict  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  28

Unanimous Verdict  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  29

Duty to Deliberate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  30

Court Has No Opinion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  31