IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE


From: Plaintiff/Jerome Hamilton
      Appellant/Pro Se.
      320 East Fifth Street
      Apt.#609
      Wilmington,Delaware.19801

Dated: March 25,2005

TO:
    MR. JOHN W. SHAW,ESQUIRE
    YOUNG,CONAWAY,STARGATT & TAYLOR,LLP
    LAW OFFICES
    THE BRANDYWINE BUILDING
    1000 WEST STREET, 17th, Floor.
    WILMINGTON,DELAWARE.19801

                    Re: Hamilton v. Leavy, et al.
                        Civil Action No.94-336-KAJ*

    Dear Mr. Shaw,Esquire:

        I am writing in follow-up with more information details why -
and the reason's Mr.John W. Shaw,Esquire and the law firm of Young,Conaway,-
Stargatt, & Taylor,LLP/The Brandywine Building/1000 West Street, 17th, Floor
Wilmington,Delaware.19801. "Should immediately cease there representation -
of Plaintiff/Appellant"/Pro Se. Now please read the below plaintiff/appella-
-nt/Pro Se, basis and issue's and grounds for purpose of future reference -
in above-captioned on appeal arguements.


        (1.) I, Plaintiff/Appellant/Jerome Hamilton, Pro Se, hereby de-
-clares under penalty of perjury state that: Mr. John W. Shaw,Esquire,deny-
plaintiff, a fair jury trial by their mis-representation actions and conduct
on March 17,2005 by not objecting or raised a objections on plaintiff behalf
when Judge Jordan, denied the jury's and the foreman jury response and the-
their request to see the date of document snitch for first time in front of
inmates on IE/Pod. This document that the jury's wanted to examine before it
make their jury verdict, was the following material evidence that should have
been part of plaintiff or was it part of/plaintiff record exhibits documents.
The document grievance reprimand where plaintiff was call a snitch by the -
correctional officer Simpson. See:(Deposition Exhibit-Martino/2 and 3). Mr.-
-Shaw,Esquire, have failed to act on plaintiff behalf at crucial stages in -
above-captioned case litigation reasonably that action deprive plaintiff a -
- fair jury trial verdict.

(2). Plaintiff/Jerome Hamilton, Pro Se, hereby declares un--der penalty of perjury states the following. That Mr. John W. Shaw,Esquire, and their firm should immediately cease there representation on there own in interest of fairness under (Delaware Lawyers Rules of Professional Conduct, - Under Rule 1.16), Permits a lawyers to cease representation of there client - where "good cause for withdrawal exist. Plaintiff/Hamilton, Pro Se, is raisi--ng now and on appeal for future reference, concerning Mr. Shaw,Esquire, nev--er raise any objections on record any of side bars conference with defendants attorneys, Judge Jordan, and Mr. Shaw,Esquire. But the plaintiff, and the jur--y's never heard a word they was discussing about the evidence's of plaintiff case this incident occurred on March 14,thru 17,2005 jury trial.

(3). Plaintiff/Jerome Hamilton, Pro Se, want Mr. Shaw,Esqu--ire, to explain in detail what was you the Judge Jordan, and the defendant's attorneys was discussing at the many side bar conference that couldn't be he--ard by plaintiff or members of jury on March 14, thru 17,2005. Mr. John W.__-- Shaw,Esquire, please explain on this record what was your objections on the plaintiff behalf dealing with side bar discussion's about what Mr.Shaw,Esquir--e. Plaintiff/Hamilton, Pro Se, believe that Mr. John W.Shaw,Esquire, have - violate 10 Del.Code. & 1907. Oath of attorneys-at-law.Reause Plaintiff, can - SHOW from record that Mr. Shaw,Esquire, was ineffective which cause break-do--wn in attorney and client relationship, and as result plaintiff was a fair - or was denied fair jury trial on March 14, thru 17,2005.

(4). Plaintiff/Jerome Hamilton/Pro Se, hereby Declares und--er penalty of perjury states the following: That Mr. John W. Shaw,Esquire, - and their firm Young,Conaway,Stargatt & Taylor,LLP, THE BRANDYWINE BUILDING,- -17th, Floor. 1000 West Street, Wilmington,Delaware.19801/ Should immediately cease there representation on there own interest of fairness under (Delaware- Lawyers Rules of Professional Conduct Under Rule (1)(16), permits a lawyers - to cease representation where conflict of interest by the attorney neglect of his duties to protect his client interest at all times. Plaintiff/Hamilton, w--ant to raised on appeal will be that Mr.Shaw,Esquire, had lease around about fourteen side bar conference's with Judge Jordan,defendant's Attorneys, and - you Mr.Shaw,Esquire,on March 14, thru 17,2005. Mr. Shaw, Esquire, why you cou--ldn't explain to plaintiff what evidence was being discuss and why???

(5). Plaintiff/Jerome Hamilton/Pro Se, hereby declares for future reference under penalty of perjury states the following: Mr. Shaw,Esqu--ire, please explain for record why didn't plaintiff, or jurys know why we y--ou reveal what the court and defendants attorneys talking about at the side- bar discussion on March 14,15,16, and 17,2005. And their wasn't knew objecti--ons raised on plaintiff behalf why. Plaintiff/Hamilton/Pro Se, and the jurys should have heard everything that court/Judge Jordan, defendant's attorneys - and Mr.Shaw,Esquire, what was discuss at side bar conference just among them - on March 14,15,16, and 17,2005 jury trial. That statement right there can Mr.- -Shaw,Esquire, should want to withdrawal from this case himself because of his unprofessional misconduct of officer of the court.

2.

(6). Plaintiff/Jerome Hamilton/Pro Se, hereby declares for future reference's raised grounds for appeal purpose's under penalty of perjury states for record, following:/ Mr. Shaw, Esquire, failure to act on the plaintiff behalf, concerning not calling witness's for the plaintiff for trial by jury on March 14, 2005. Them witness's could give evidence about they heard a correctional officer Simpson, call plaintiff a snitch in front about 25 other inmates on Pod/1E/Poplution. It is very important to acknowledg for record, on March 17, 2005 jury trial/. The jurys request the court that they wanted to or would like to know the date of reprimand the correctional officer Simpson, who called plaintiff/Hamilton a snitch. See:(ATTACHED EXHIBIT"A').--- Mr. Shaw, Esquire, did you raised a objection when Judge Jordan, denied the jurys to see plaintiff evidence records. See:(Deposition Exhibit-Martino/2 and /3). Mr. John W. Shaw, Esquire, you cause me of receiving a fair jury trial on March 14, 2005, because you never raised any objections on plaintiff behalf about to preserved the reason for objections for appellate jurisdiction review.

(7). Plaintiff/Jerome Hamilton/Pro Se, hereby declares for future reference's raised grounds for appellate jurisdiction review under penalty of perjury for record following: pLAINTIFF/Hamilton, explain or produce for record that Mr. Shaw, Esquire, on March 14, thru 17, 2005, never object to the side bars conference's with Judge Jordan, Defendant's Attorneys, and also Mr. Shaw, and plaintiff along with jurys never heard what was their discussing about. Mr. Shaw, Esquire, why not after every side bar discussion that you come out of that side bar discussion, and put on the record the plaintiff objections on his behalf. And that would have preserved plaintiff raised issue's and grounds for appellate jurisdiction review. Mr.Shaw, Esquire, your mis-representation from the start of discovery until jury trial on March 14, 2005. And as result of Mr. Shaw, Esquire, failure to act on the behalf/of plaintiff, i was denied a fair jury trial by your mis-conduct action toward plaintiff.

(8). Mr. Shaw, Esquire, what was position on March 14, 2005 jury trial when you told Plaintiff/Hamilton, about all the evidence's which wasn't part of plaintiff/record in case for review by the jurys. Please explain more clear now what your position at that time.

(9). Plaintiff/Jerome Hamilton/Pro Se, hereby declares for future reference's raised grounds for appellate jurisdiction review under penalty of perjury for record following: Mr. John W. Shaw, Esquire, what was your position when you heard that the jury's requested from the to see from plaintion/documents and records where the correctional officer Simpson got reprimand by Warden/and/Deputy Warden Martino. See:(ATTACHED EXHIBIT-A). This incident did occurred on March 17, 2005 jury trial. Mr. Shaw, Esquire, why you didn't request to court on plaintiff behalf, to allow the jury's members to review and examine the date of the reprimand the correctional officer Simpson, called Hamilton a snitch. The Mr. Shaw, Esquire, why was my jury not allow to see evidence where snitch incident happen. See;(Deposition Exhibit-Martino/2 and 3).

3.

(10). Plaintiff/Jerome Hamilton/Pro Se, hereby declares for future reference's raised grounds for appellate jurisdiction review under penalty of perjury for record states: Mr. John W. Shaw, Esquire, who was the - name of jury member foreman, that request the court that wanted to see the - plaintiff/evidence would like to know the date of the reprimand the where the correctional officer Simpson called Hamilton a "snitch"? This incident did occurred on March 17,2005 A.M. 11:24. See:(ATTACHED EXHIBIT-"A").

Dated: March 25,2005.

Respectfully Submitted,
Jerome Hamilton a.k.a Cheikh Elohim
Plaintiff/Jerome Hamilton,a.k.a.,
Cheikh A. Elohim
320 East Fifth Street/Apt.#609
Wilmington,Delaware.19801

Sworn to and Subscribed before me, this 29th day of March, 2005.

_Notary_

CC:
    pLAINTIFF/Jerome Hamilton
    Clerk of the Court
    Mr. Peter T. Dalleo

4.

(i) Would like to know the date of the Reprimand, ~~be~~ the CO called Hamilton a "Snitch"?

Exhibit- A

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 MAR 17 AM 11: 24