NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2059
_____

JEROME K. HAMILTON,

Appellant

v.

FAITH LEAVY; PAMELA FAULKNER;
WILLIAM QUEENER; FRANCES LEWIS;
FRANCES COCKROFT; JERRY BORGA;
RICHARD SHOCKLEY; GEORGE DIXON;
JACK STEPHENSON; DEBORAH CRAIG;
JOANNE SMITH; DENNIS LOEBE;
ELDORA TILLERY

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 94-cv-00336)
District Judge: Honorable Kent A. Jordan
_____

Submitted Under Third Circuit LAR 34.1(a)
September 5, 2006


Before: MCKEE, FUENTES AND NYGAARD, CIRCUIT JUDGES.

(Filed: November 7, 2006)

_____

OPINION
_____

PER CURIAM

Jerome Hamilton filed suit pursuant to 42 U.S.C. § 1983 against Delaware correctional officers and officials, claiming that he suffered cruel and unusual punishment because of their deliberate indifference to his health and welfare.  More specifically, he claimed that their disregard of risks to his safety led to his serious injury from an assault by another inmate.[1]  His suit continued over many years, and he ultimately tried (with the assistance of appointed counsel) his deliberate indifference claim against nine defendants.  A jury concluded that his rights had not been violated, and the District Court entered judgment in favor of the Defendants.  After the jury entered its verdict, Hamilton filed a motion to proceed pro se and Hamilton's counsel filed a motion to be excused from further representation of Hamilton.  After a hearing, the District Court permitted Hamilton's counsel to withdraw.  Hamilton, proceeding pro se, appeals.[2]

Hamilton filed his notice of appeal after the jury verdict but one day before the District Court entered final judgment.  Nonetheless, we have jurisdiction pursuant to 28 U.S.C. § 1291.  See Fed. R. App. P. 4(a)(2); FirsTier Mortgage Co. v. Investors

---

[1] We refer those who desire a more complete description of Hamilton's claims and the history of this case to our published opinions in Hamilton's earlier appeals, namely Hamilton v. Leavy, 117 F.3d 742 (3d Cir. 1997), and Hamilton v. Leavy, 322 F.3d 776 (3d Cir. 2003).

[2] In his brief, Hamilton again requests that we appoint him counsel.  For the reasons stated in our orders of August 16, 2005, and March 13, 2006, we decline to appoint counsel.

Mortgage Ins. Co., 498 U.S. 269, 276 (1991). Although Hamilton listed 19 grounds for appeal in his notice of appeal, we examine only those issues he raised in his brief. See In re Surrick, 338 F.3d 224, 237 (3d Cir. 2003) (holding that the failure to identify or argue an issue in an opening brief constitutes waiver of that argument on appeal).

Hamilton presents the following arguments on appeal: (1) the District Court abused its discretion by instructing the jurors to rely on their collective recollection of the testimony in response to a jury question about a date of a reprimand; (2) the jury verdict was against the weight of the evidence; (3) the District Court erred by not appointing new counsel for Hamilton when Hamilton's counsel filed a motion to withdraw from the case; and (4) the District Court erred by allowing Hamilton's counsel to withdraw. We consider each argument in turn.

As no objection was made to the District Court's instruction in response to the jury question (all parties agreed that the instruction was proper (N.T. at D-33)), we exercise review over Hamilton's first issue only sparingly. See Watson v. SEPTA, 207 F.3d 207, 212 (3d Cir. 2000). We would overturn the verdict only if the "'the error is fundamental and highly prejudicial or if the instructions are such that the jury is without adequate guidance on a fundamental question and our failure to consider the error would result in a miscarriage of justice.'" Id. We hold that the District Court made no such error in its instruction. We note that although the reprimand was referred to in testimony (N.T. at B-174, C-104-10), the date of the reprimand was not.

We do not review Hamilton's second issue. His counsel did not move for judgment as a matter of law at the close of the evidence. The inaction waived Hamilton's right to challenge on appeal the sufficiency of the evidence. See Unitherm Food Sys. v. Swift-Eckrich, Inc., 126 S. Ct. 980, 986 (2006); Yohannon v. Keene Corp., 924 F.2d 1255, 1262 (3d Cir. 1991).

Furthermore, the District Court did not err in permitting Hamilton's counsel to withdraw from the case and by not appointing new counsel for Hamilton after the trial had ended. Hamilton had no right to counsel in a civil suit. See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Nonetheless, he benefitted from the help of a series of appointed attorneys. It was in part on Hamilton's requests (in writing and orally, at a hearing before the District Court) that the District Court permitted counsel to withdraw and Hamilton to proceed pro se. Hamilton cannot now be heard to complain because the District Court granted his requests.

For the reasons stated, we will affirm the District Court's order.